UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CAROLINE PANKO,

       Plaintiff,

v.

                               Case No. *3: 04 CJ 373 mcr/md*

MEDIACOM COMMUNICATIONS
CORPORATION,

       Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Mediacom Communications Corporation ("Mediacom"), pursuant to 28 U.S.C. §§ 1441 and 1446, gives notice of the removal of this action to the United States District Court for the Northern District of Florida, and in support of its notice states:

### 1.    State Court Action

Plaintiff initiated an action on June 3, 2004, when she filed her Initial Complaint in the Circuit Court of the First Judicial Circuit in and for Santa Rosa County, Florida, initially styled *Caroline Panko v. Buytelco, Inc., d/b/a Mediacom*, and designated Case No. 04-481CA (D). Plaintiff filed a superseding First Amended Complaint on August 3, 2004. In that First Amended Complaint, Plaintiff named a different defendant, and the case style is now *Carolina Panko v. Mediacom Communications Corporation.*

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

04 OCT 28  AM 8: 48

FILED

1-MI/536878.4

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 415-3000

**2.    Defendant's Receipt of Plaintiff's Complaint**

A copy of Plaintiff's First Amended Complaint was first received by Mediacom on September 28, 2004. Mediacom had not been served with the Initial Complaint. Mediacom did not have prior notice of the action, and September 28 was the first time Mediacom had received a copy of a summons and complaint in connection with this action.

**3.    Nature of the Action in Plaintiff's Original Complaint**

Plaintiff's Complaint asserts a claim for discharge in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"). *See* Pl.'s 1st Amend. Compl. at ¶¶ 22-25.

Plaintiff's claim arises out of her employment with Mediacom at its facilities in Gulf Breeze, Santa Rosa County, Florida. *See* Pl.'s 1st Amend. Compl. at ¶¶ 2-3.

Plaintiff seeks relief in the form of "back pay and all pay increases, bonuses, and benefits associated with employment or retirement; statutory liquidated damages; reinstatement, or front pay in the event reinstatement is not offered or awarded; interest, including pre-judgment interest; attorneys' fees and costs; and any other relief to which she may be entitled." *See* Pl.'s 1st Amend. Compl. at "Wherefore" clause following ¶ 25.

**4.    Removal of State Court Action**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where the action is pending." As demonstrated below in paragraph

5, because the district court would have original jurisdiction under 28 U.S.C. §1331 (federal question jurisdiction), this action is removable under 28 U.S.C. § 1441(a). Further, as explained in paragraph 6, venue is proper in the Pensacola Division of the United States District Court for the Northern District of Florida. Finally, as explained in paragraph 7, this Notice of Removal is timely filed.

## 5. Federal Question Jurisdiction

Under 28 U.S.C. § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

Plaintiff's claim under the FMLA constitutes a civil action arising under the laws of the United States over which the district courts have original jurisdiction. *See* 28 U.S.C. § 1331; 29 U.S.C. § 2601 *et seq.* Accordingly, this cause may be removed to this Court by Mediacom pursuant to 28 U.S.C. § 1441(a) without regard to the citizenship of the parties. *See* 28 U.S.C. §1441(b).

## 6. Venue

The Pensacola Division of the United States District Court for the Northern District of Florida is the judicial district embracing the place where the state court action was brought and is pending. *See* 28 U.S.C. § 89(c); *see also* 28 U.S.C. §§ 1441(a) and 1446(a); N.D. Fla. Loc. R. 3.2(A)(1). It also is the appropriate venue under the FMLA because it is the judicial district in which the challenged employment practice is alleged to have occurred. *See* Pl.'s 1st Amend. Compl. ¶ 2. Therefore, the Northern District of

1-MI/536878.4

-3-

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 415-3000

Florida is the proper district court to which this case should be removed. *See* 28 U.S.C. § 89(c); *see also* 28 U.S.C. §§ 1441(a) and 1446(a).

Moreover, the Pensacola Division is the proper division within the Northern District of Florida since Plaintiff was employed by Mediacom's affiliate at its Gulf Breeze facilities, which were located in Santa Rosa County, Florida, at all times relevant to the allegations in the Complaint, and her discharge which she challenges occurred in Santa Rosa County. *See* Pl.'s 1st Amend. Compl. ¶¶ 2, 7-12; *see also* 28 U.S.C. §§ 1441(a) and 1446(a); N.D. Loc. R. 3.2(A)(1).

### 7.   **Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446(b), this removal is timely. Mediacom was first served with initial process in this case on September 28, 2004 – within thirty days of this removal. Tab A, Barlow Aff't ¶ 6. Thus, this removal is timely. *See* 28 U.S.C. §1446(b).

### 8.   **State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a) and N.D. Fla. Loc. R. 7.2(A), Mediacom is simultaneously filing copies of all process, pleadings, and orders existing on file in the state court in this removed action. Copies of these removal documents are attached to this Notice of Removal at Tab B. Further, pursuant to 28 U.S.C. § 1446(d), Mediacom is simultaneously filing a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the First Judicial Circuit in and for Santa Rosa County, Florida. A copy of the Notice of Filing Notice of Removal is attached at Tab C.

Dated: October 27, 2004.

-4-

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 415-3000

Respectfully submitted,

_____

W. Russell Hamilton, III
FLORIDA BAR NO. 199540
rhamilton@morganlewis.com
Christopher P. Hammon
FLORIDA BAR NO. 0176753
chammon@morganlewis.com
Morgan, Lewis & Bockius LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2339
Tel: 305.415.3440
Fax: 877.432.9652
Counsel for Defendant Mediacom
Communications Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendant's Notice of Removal was sent by first-class U.S. mail on this _27th_ day of October, 2004, to:

Bradley S. Odom, Esq.
Richard D. Barlow, Esq.
Kievit, Odom & Barlow
635 West Garden Street
Pensacola, Florida 32502

_____

Christopher P. Hammon

# TAB "A"

**AFFIDAVIT**

STATE OF FLORIDA
COUNTY OF ESCAMBIA

BEFORE ME, the undersigned authority, personally appeared Richard D. Barlow, who is personally known to me and who upon oath being first duly sworn, deposes and says as follows:

1.   My name is Richard D. Barlow, and I am over the age of eighteen.  I have personal knowledge of the representations made in this Affidavit.

2.   I am an attorney licensed by the state of Florida.  I am a member in good standing with the Florida Bar.  I represent the plaintiff, Caroline Panko, in an action against Mediacom Communications Corporation.

3.   On August 3, 2004, an amended complaint was filed in the Circuit Court in and for Santa Rosa County, Florida.  The case is styled <u>Caroline Panko v. Mediacom Communications Corporation</u>.  It was assigned the case number 04-481 CA.

4.   On August 16, 2004, the Secretary of State accepted substitute service of process on behalf of Mediacom Communications Corporation in accordance with <u>Florida Statute §48.181</u>.

5.   In accordance with <u>Florida Statute §48.161</u>, a notice of substitute service, a copy of the process, and a copy of the complaint were mailed to Mediacom Communications Corporation, 100 Crystal Run Road, Middletown, New York  10941, via certified mail, return receipt requested.

6.   The return receipt signifying delivery of these documents to defendant's agent was received by plaintiff on October 4, 2004.  (Attached at Tab 1).  This return receipt shows that the documents were received by defendant on September 28, 2004.

Further affiant sayeth not.

_(signature)_

Richard D. Barlow

Sworn to and subscribed
before me this 5th day of
October, 2004.

_(signature)_

Notary Public/State of Florida

CYNTHIA A. BUSH
My Comm Exp. 10/23/05
No. DD 065769
Personally Known [ ] Other I.D.

# TAB "B"

Form 1.997

Civil Cover Sheet

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form is required for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075.  (See instructions on the reverse of the form.)

I.    CASE STYLE - In the Circuit Court in and for Santa Rosa, Florida

CAROLINE PANKO,

Plaintiff,

V.

BUYTELCO, INC., d/b/a MEDIACOM,

Defendant.

Case #:
Judge:

II.   TYPE OF CASE   (Place an x in one box only.  If the case fits more than one type of case, select the most definitive.)

| DOMESTIC RELATIONS | TORTS | OTHER CIVIL |
|---|---|---|
| ___ Simplified Dissolution | ___ Professional Malpractice | ___ Contracts |
| ___ Dissolution | ___ Products Liability | ___ Condominium |
| ___ Support - IV-D | | ___ Real Property/Mortgage |
| ___ Support - Non IV-D | ___ Auto Negligence | ___ Foreclosure |
| ___ URESA - IV-D | ___ Other Negligence | ___ Eminent Domain |
| ___ URESA - Non IV-D | | _X_ Other - _Violation of the Family and Medical Leave Act of 1993_ |
| ___ Domestic Violence | | |
| ___ Other Domestic Relations | | |

III.  IS JURY TRIAL DEMANDED IN COMPLAINT?

_X_   Yes
___   No

Date: June _4_, 2004

SIGNATURE OF ATTORNEY FOR PARTY INITIATING ACTION

Bradley S. Odom
Kievit, Odom & Barlow

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

CAROLINE PANKO,

    Plaintiff,

v.

BUYTELCO, INC., d/b/a
MEDIACOM,

    Defendant.

_____/

Case No.: 04-481 CAO1
Division:

FILED

## INITIAL COMPLAINT

COMES NOW the plaintiff, Caroline Panko, by and through her undersigned counsel, and hereby files this Initial Complaint against defendant, BuyTelco, Inc., d/b/a Mediacom, and alleges:

### I. Jurisdiction and Venue

1. This is an action for damages in excess of $15,000 and is within the jurisdiction of this Court by virtue of the amount in controversy and the nature of the action. This lawsuit is filed pursuant to the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), which is codified at 29 U.S.C. § 2601, *et seq.*, and this Court has jurisdiction over such claims.

2. Venue is appropriate in this Court because defendant has an office and conducts business in Santa Rosa County, Florida; plaintiff was paid, employed, and terminated in Santa Rosa County, Florida; and plaintiff's cause of action accrued in Santa Rosa County, Florida.

### II. Parties

3. Plaintiff is a citizen of the United States and a resident of the State of Florida. At all times relevant hereto, she was employed by defendant at its office in Gulf Breeze, Florida. She was eligible for and entitled to the protections of the FMLA.

4.   Defendant was engaged in commerce or an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar weeks of the year for each calendar year during which plaintiff was employed by it, as well as the preceding calendar years.  Additionally, defendant employed 50 or more employees within 75 miles of plaintiff's work site in Gulf Breeze, Florida.  Defendant is subject to the provisions of the FMLA, and it is an "employer" as that term is defined by the FMLA.

### III.  Factual Allegations

5.   On or about July 24, 1996, plaintiff was involved in a motor vehicle accident in which she sustained serious injuries.  Among those injuries was a serious injury to her back/spine.

6.   Subsequent to this motor vehicle accident, plaintiff received significant medical treatment.

7.   Plaintiff began working for defendant in or around August of 1997.  At all relevant times referred to herein, plaintiff held the position of customer service representative.

8.   With less invasive treatment having failed, in September of 1998 plaintiff required back surgery and inpatient hospital care as a result of the above-referenced automobile accident.

9.   This surgery was unsuccessful.  Consequently, in June of 1999, plaintiff underwent another surgery on her back.  She also received inpatient care in the hospital at which that surgery was performed.

10.   Subsequent to this second surgery, plaintiff continued to require further treatment for her back.  This treatment required periodic visits to the doctor, and this treatment continued over an extended period of time.

2

11.   Moreover, from time to time plaintiff's back condition would become aggravated, causing episodic periods of incapacity.

12.   In March, 2002, plaintiff was experiencing increased difficulty with her back. As a result, plaintiff submitted a request for intermittent leave under the FMLA.

13.   Defendant denied that request.

14.   Thereafter, plaintiff submitted numerous additional requests for FMLA leave because of her back. All were denied.

15.   During this time-period, plaintiff was required to be absent from work because of back pain associated with the above-referenced back injury.

16.   Eventually, on or about January 23, 2003 defendant terminated plaintiff.

17.   At the time of her termination, defendant informed plaintiff that it was terminating her employment because of excessive absences.

18.   A determinative factor in defendant's decision to terminate plaintiff was the fact that she had been absent for FMLA-qualifying reasons. Moreover, she had placed her employer on notice of that FMLA leave-qualifying reason.

19.   In the twelve months prior to her requests for medical leave as well as her termination, plaintiff worked in excess of 1,250 hours for defendant.

20.   Furthermore, at no point relevant hereto did plaintiff exhaust the twelve work-weeks of leave to which she was entitled under the FMLA.

### IV.  Violation of the FMLA

21.   Plaintiff realleges and incorporates herein paragraphs 1 through 20, above.

3

22.    The foregoing facts and circumstances demonstrate that defendant has violated the FMLA.

23.    Plaintiff has been damaged as a result of the actions of defendant. Such damages, which are both past and future, include loss of employment, wages/salary, raises, and increments of such wages/salaries, retirement benefits, and the loss of other employment benefits.

24.    Plaintiff has been required to retain an attorney to assist her in asserting and protecting her rights.

WHEREFORE plaintiff demands damages for back pay and all pay increases, bonuses, and benefits associated with employment or retirement; statutory liquidated damages; reinstatement, or front pay in the event reinstatement is not offered or awarded; interest, including pre-judgment interest; attorneys' fees and costs; and any other relief to which she may be entitled.

*Plaintiff demands a jury trial on all issues contained in this Initial Complaint which are so triable.*

Respectfully submitted,

Bradley S. Odom
Florida Bar Number: 932868
Richard D. Barlow
Florida Bar Number: 0425176
KIEVIT, ODOM & BARLOW
635 West Garden Street
Pensacola, Florida 32502
(850) 434-3527
Attorneys for Plaintiff

4

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

CAROLINE PANKO,

    Plaintiff,

v.

MEDIACOM COMMUNICATIONS
CORPORATION,

    Defendant.

_____/

Case No.:  04-481-CA
Division:   "D"

FILED
SANTA ROSA COUNTY
CLERK'S OFFICE
2004 AUG -3 P 2:33

## FIRST AMENDED COMPLAINT

COMES NOW the plaintiff, Caroline Panko, by and through her undersigned counsel, and hereby files this First Amended Complaint against defendant, Mediacom Communications Corporation, and alleges:

### I. Jurisdiction and Venue

1.     This is an action for damages in excess of $15,000 and is within the jurisdiction of this Court by virtue of the amount in controversy and the nature of the action. This lawsuit is filed pursuant to the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), which is codified at 29 U.S.C. § 2601, *et seq.*, and this Court has jurisdiction over such claims.

2.     Venue is appropriate in this Court because defendant has an office and conducts business in Santa Rosa County, Florida; plaintiff was paid, employed, and terminated in Santa Rosa County, Florida; and plaintiff's cause of action accrued in Santa Rosa County, Florida.

### II. Parties

3.     Plaintiff is a citizen of the United States and a resident of the State of Florida. At all times relevant hereto, she was employed by defendant at its office in Gulf Breeze, Florida. She was eligible for and entitled to the protections of the FMLA.

4.     Defendant is a corporation which upon information and belief is headquartered in Middletown, New York. It has at least one physical location in the state of Florida, namely 1613 Nanathala Beach Road, Gulf Breeze, Florida 32563. Upon information and belief, defendant has not yet registered to do business with the Secretary of State of Florida.

5.     Defendant is engaged in commerce or an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar weeks of the year for each calendar year during which plaintiff was employed by it, as well as the preceding calendar years. Additionally, defendant employed 50 or more employees within 75 miles of plaintiff's work site in Gulf Breeze, Florida. Defendant is subject to the provisions of the FMLA, and it is an "employer" as that term is defined by the FMLA. Moreover, defendant has purposely availed itself of the privilege of operating, conducting, engaging in, and carrying on substantial, not isolated, business or business ventures in Florida. As such, defendant is subject to substitute service upon the Secretary of State of Florida pursuant to Florida Statutes § 48.181.

## III.  Factual Allegations

6.     On or about July 24, 1995, plaintiff was involved in a motor vehicle accident in which she sustained serious injuries. Among those injuries was a serious injury to her back/spine.

7.     Subsequent to this motor vehicle accident, plaintiff received significant medical treatment.

8.     Plaintiff began working for defendant in or around August of 1997. At all relevant times referred to herein, plaintiff held the position of customer service representative.

2

9.    With less invasive treatment having failed, in September of 1998 plaintiff required back surgery and inpatient hospital care as a result of the above-referenced automobile accident.

10.    This surgery was unsuccessful. Consequently, in June of 1999, plaintiff underwent another surgery on her back. She also received inpatient care in the hospital at which that surgery was performed.

11.    Subsequent to this second surgery, plaintiff continued to require further treatment for her back. This treatment required periodic visits to the doctor, and this treatment continued over an extended period of time.

12.    Moreover, from time to time plaintiff's back condition would become aggravated, causing episodic periods of incapacity.

13.    In March, 2002, plaintiff was experiencing increased difficulty with her back. As a result, plaintiff submitted a request for intermittent leave under the FMLA.

14.    Defendant denied that request.

15.    Thereafter, plaintiff submitted numerous additional requests for FMLA leave because of her back. All were denied.

16.    During this time-period, plaintiff was required to be absent from work because of back pain associated with the above-referenced back injury.

17.    Eventually, on or about January 23, 2003 defendant terminated plaintiff.

18.    At the time of her termination, defendant informed plaintiff that it was terminating her employment because of excessive absences.

19.    A determinative factor in defendant's decision to terminate plaintiff was the fact that she had been absent for an FMLA-qualifying reason. Moreover, she had placed her employer

3

on notice of that FMLA leave-qualifying reason.

20.     In the twelve months prior to her requests for medical leave as well as her termination, plaintiff worked in excess of 1,250 hours for defendant

21.     Furthermore, at no point relevant hereto did plaintiff exhaust the annual twelve work-weeks of leave to which she was entitled under the FMLA.

## IV.   Violation of the FMLA

22.     Plaintiff realleges and incorporates herein paragraphs 1 through 21, above.

23.     The foregoing facts and circumstances demonstrate that defendant has violated the FMLA.

24.     Plaintiff has been damaged as a result of the actions of defendant. Such damages, which are both past and future, include loss of employment, wages/salary, raises, and increments of such wages/salaries, retirement benefits, and the loss of other employment benefits.

25.     Plaintiff has been required to retain an attorney to assist her in asserting and protecting her rights.

WHEREFORE plaintiff demands damages for back pay and all pay increases, bonuses, and benefits associated with employment or retirement; statutory liquidated damages; reinstatement, or front pay in the event reinstatement is not offered or awarded; interest, including pre-judgment interest; attorneys' fees and costs; and any other relief to which she may be entitled.

4

*Plaintiff demands a jury trial on all issues contained in this First Amended Complaint which are so triable.*

Respectfully submitted,

Bradley S. Odom
Florida Bar Number: 932868
Richard D. Barlow
Florida Bar Number: 0425176
KIEVIT, ODOM & BARLOW
635 West Garden Street
Pensacola, Florida 32502
(850) 434-3527
Attorneys for Plaintiff

5

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR SANTA ROSA COUNTY FLORIDA

Case Number:   04000491CA

PLAINTIFF

FANKO CAROLINE                          vs                    DEFENDANT

MEDIACOM COMMUNICATIONS CORPCO
FL SEC OF ST R A GRAY BUILDING
500 S BRONOUGH ST
TALLAHASSEE FL 32399

S U M M O N S

THE STATE OF FLORIDA:
GREETINGS:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the com-
plaint or petition in the above-styled case upon the defendant:

MEDIACOM COMMUNICATIONS CORP C/O
FL SEC OF ST R A GRAY BUILDING
500 S BRONOUGH ST
TALLAHASSEE FL 32399

Each defendant is hereby required to serve written defenses to said
complaint or petition on plaintiff's attorney whose address is:

ODOM BRADLEY S
635 WEST GARDEN ST
PENSACOLA, FL 32502

within twenty days after service of this summons upon that defendant, exclu-
sive of the day of service, and to file the original of said written defenses
with the Clerk of Court either before service on Plaintiff's attorney or
immediately thereafter. If a defendant fails to do so, a default will be
entered against that defendant for the relief demanded in the complaint or
petition.

WITNESS my hand and seal of said Court on Tue, Aug. 03, 2004.

MARY M JOHNSON
Clerk of Circuit Court

(Court Seal)

By: _____
Deputy Clerk

# KIEVIT, ODOM & BARLOW
## ATTORNEYS AT LAW
### 635 WEST GARDEN STREET
### PENSACOLA, FLORIDA 32502

ROBERT W. KIEVIT*
BRADLEY S. ODOM**
RICHARD B. BARLOW
JACK OUTLAW
*Of Counsel
**Also licensed in Alabama

TELEPHONE: (850) 434-3527
FACSIMILE: (850) 434-6560
E-MAIL: email@kodlaw.com

August 2, 2004

Mary M. Johnson
Clerk of the Circuit Court
6816 Caroline Street
Milton, Florida 32570

Re:   *Caroline Panko v. Mediacom Communications Corporation*
      Case Number:  04-481-CA
      Division:  "D"

Dear Ms. Johnson:

Enclosed are the original Notice of Filing First Amended Complaint, along with the First Amended Complaint. In accordance with Florida Statutes § 48.181, please issue a summons and return to me for service on the defendant as follows:

> Mediacom Communications Corporation
> c/o Florida Secretary of State
> R. A. Gray Building
> 500 S. Bronough Street
> Tallahassee, Florida 32399

Thank you for your assistance in this matter.

Sincerely,

Bradley S. Odom

BSO:cab

Enclosure

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

CAROLINE PANKO,

Plaintiff,

v.

BUYTELCO, INC.. d/b/a
MEDIACOM,

Defendant.

Case No.:  04-481 CA
Division:  "D"

FILED
SANTA ROSA COUNTY
CLERK'S OFFICE
2004 AUG -3  P 2 33

## NOTICE OF FILING FIRST AMENDED COMPLAINT

COMES NOW the plaintiff, Caroline Panko, by and through her undersigned counsel, and hereby files this notice of her having filed a First Amended Complaint in this matter. As grounds therefor, Panko states as follows:

1.    Upon effectuating service of process on defendant Buytelco, Inc., plaintiff has learned that it is not a proper party to this action. Instead, it would appear that Mediacom Communications Corporation is the proper defendant in this cause. Accordingly, plaintiff submits her First Amended Complaint so as to substitute Mediacom Communications Corporation as the defendant in this cause.

2.    Pursuant to Rule 1.190(a), Fla.R.Civ.P., Panko may amend her complaint once as a matter of course at any time before a responsive pleading is served.

3.    In the instant case, a responsive pleading has not been filed.

4.    Moreover, this is the first time that Panko has sought to amend her complaint.

5.      Consequently, Panko amends her complaint as a matter of right, and hereby provides notice to this Court of her having filed her First Amended Complaint, which is being filed contemporaneously herewith.

Respectfully submitted,

Bradley S. Odom
Florida Bar Number: 932868
Richard D. Barlow
Florida Bar Number: 0425176
KIEVIT, ODOM & BARLOW
635 West Garden Street
Pensacola, Florida 32502
(850) 434-3527
Attorneys for Plaintiff

cc:     Buytelco, Inc.
        c/o David M. Glassberg, Esq.
        Glassberg & Glassberg, P.A.
        13615 South Dixie Highway, #114-514
        Miami, Florida  33176

2

**AFFIDAVIT**

STATE OF FLORIDA
COUNTY OF ESCAMBIA

BEFORE ME, the undersigned authority, personally appeared Richard D. Barlow, who is personally known to me and who upon oath being first duly sworn, deposes and says as follows:

1.   My name is Richard D. Barlow, and I am over the age of eighteen.  I have personal knowledge of the representations made in this Affidavit.

2.   I am an attorney licensed by the state of Florida.  I am a member in good standing with the Florida Bar.  I represent the plaintiff, Caroline Panko, in an action against Mediacom Communications Corporation.

3.   On August 3, 2004, an amended complaint was filed in the Circuit Court in and for Santa Rosa County, Florida.  The case is styled Caroline Panko v. Mediacom Communications Corporation.  It was assigned the case number 04-481-CA.

4.   On August 16, 2004, the Secretary of State accepted substitute service of process on behalf of Mediacom Communications Corporation in accordance with Florida Statute §48.181.

5.   In accordance with Florida Statute §48.161, a notice of substitute service, a copy of the process, and a copy of the amended complaint were mailed to Mediacom Communications Corporation, 100 Crystal Run Road, Middletown, New York 10941, on September 23, 2004, via certified mail, return receipt requested.

6.   A copy of the receipt signifying delivery to Mediacom Communications Corporation will be filed with this Court when it is returned.

Further affiant sayeth not.

_____
Richard D. Barlow

Sworn to and subscribed
before me this 23rd day of
September, 2004.

_____
Notary Public/State of Florida

CYNTHIA A. BUSH
My Comm. Exp. 10/22/05
No. DD 086799
Personally Known [ ] Other I.D.

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

CAROLINE PANKO,

    Plaintiff,

v.

MEDIACOM COMMUNICATIONS
CORPORATION,

    Defendant.

_____/

Case No.: 04-48?CA
Division: "D"

## NOTICE OF FILING AFFIDAVIT

Plaintiff, Caroline Panko, by and through her undersigned counsel, hereby files the Affidavit of Richard D. Barlow, Esq., dated October 5, 2004, on this 5th day of October, 2004.

Respectfully submitted,

Bradley S. Odom
Florida Bar Number: 932868
Richard D. Barlow
Florida Bar Number: 0425176
KIEVIT, ODOM & BARLOW
635 West Garden Street
Pensacola, Florida 32502
(850) 434-3527
Attorneys for Plaintiff

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

CAROLINE PANKO,

     Plaintiff,

v.

MEDIACOM COMMUNICATIONS
CORPORATION,

     Defendant.

_____/

Case No.:    04-481 CA
Division:    "D"

## NOTICE OF FILING AFFIDAVIT

Plaintiff, Caroline Panko, by and through her undersigned counsel, hereby files the affidavit of Richard D. Barlow, Esq., on this 23d day of September, 2004.

Respectfully submitted,

Richard B.

FILED
SANTA ROSA COUNTY
CLERK'S OFFICE
2004 SEP 27 P 4: 59

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

CAROLINE PANKO,

     Plaintiff,

v.

MEDIACOM COMMUNICATIONS
CORPORATION,

     Defendant.

_____/

Case No.:  04-481-CA
Division:  "D"

FILED:
SANTA ROSA COUNTY
CLERK'S OFFICE
2004 OCT -6  P 3: 26

## NOTICE OF FILING AFFIDAVIT

Plaintiff, Caroline Panko, by and through her undersigned counsel, hereby files the Affidavit of Richard D. Barlow, Esq., dated October 5, 2004, on this 5th day of October, 2004.

Respectfully submitted,

Bradley S. Odom
Florida Bar Number: 932868
Richard D. Barlow
Florida Bar Number: 0425176
KIEVIT, ODOM & BARLOW
635 West Garden Street
Pensacola, Florida 32502
(850) 434-3527
Attorneys for Plaintiff

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

CAROLINE PANKO,

     Plaintiff,

v.

MEDIACOM COMMUNICATIONS CORPORATION,

     Defendant.

Case No.:   04-481 CA
Division:   "D"

_____/

## NOTICE OF FILING AFFIDAVIT

Plaintiff, Caroline Panko, by and through her undersigned counsel, hereby files the affidavit of Richard D. Barlow, Esq., on this 23<sup>d</sup> day of September, 2004.

Respectfully submitted,

Bradley S. Odom
Florida Bar Number: 932868
Richard D. Barlow
Florida Bar Number: 0425176
KIEVIT, ODOM & BARLOW
635 West Garden Street
Pensacola, Florida 32502
(850) 434-3527
Attorneys for Plaintiff

FILED
SANTA ROSA COUNTY
CLERK'S OFFICE
2004 SEP 27 P 4 59

FILED
SANTA ROSA COUNTY
CLERK'S OFFICE
2004 OCT -6 P 3 20



7003 1010 0001 0533 7841

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

CAROLINE PANKO,

    Plaintiff,

v.

BUYTELCO, INC., d/b/a
MEDIACOM.

    Defendant.

_____/

Case No.:   04-481 CA
Division:   "D"

## NOTICE OF FILING RETURN OF SERVICE

Plaintiff, Caroline Panko, by and through her undersigned counsel, hereby files the Return of Service for defendant, Buytelco, Inc., d/b/a Mediacom, on this 8 day of July, 2004.

Respectfully submitted,

Bradley S. Odom
Florida Bar Number: 932868
Richard D. Barlow
Florida Bar Number: 0425176
KIEVIT, ODOM & BARLOW
635 West Garden Street
Pensacola, Florida 32502
(850) 434-3527
Attorneys for Plaintiff

**BROWARD COUNTY SHERIFF'S OFFICE**
P.O. BOX 9507 FORT LAUDERDALE, FLORIDA 33310

RETURN OF SERVICE

assignment: 11449

Service Sheet #

PANKO, CAROLINE vs. BUYTELCO, INC., ET AL                           04-039809
PLAINTIFF                    vs                                      04-481CA
TYPE OF WRIT SUM/COMPLAINT                    CIRCUIT/ST. ROSA       DEFENDANT
                                             COURT                  CASE #
BUYTELCO INC. DBA MEDIACOM
SERVE STEVEN A. McKEAN          1915 HARRISON ST                     HEARING DATE
                                HOLLYWOOD, FL 33020

283312
KIEVIT, ODOM & BARLOW                         Received this process on
635 W GARDEN STREET                                    6/17/2004
PENSACOLA, FL 32502                           Date

                                         ☒   Served
4460    Attorney                         ☐   Not Served - see comments
To BUYTELCO INC. DBA MEDIACOM/STEVEN A. McKEAN    6-29-04    Date

FILED SANTA ROSA COUNTY SHERIFF OFFICE 2004 JUL 1 P 2 35

ims of service endorsed thereon by me, and a copy of the complaint, petition, or initial pleading, by the following method:

**INDIVIDUAL SERVICE:**

**SUBSTITUTE SERVICE:**
☐ At the defendant's usual place of abode on "any person residing therein who is 15 years of age or older", to wit:
☐ To _____ in accordance with F.S. 48.031(1)(a)
☐ To _____ the defendant's spouse, at _____ in accordance with F.S. 48.031(2)(a)
serve the defendant have been made at the place of person in charge of the defendant's business in accordance with F.S. 48.031(2)(b), after two or more attempts to

**CORPORATE SERVICE:**
☐ To _____ holding the following position of said corporation _____ in accordance with F.S. 48.081
☐ To _____ an employee of defendant corporation in accordance with F.S. 48.081(3)
☐ To _____ as resident agent of said corporation in accordance with F.S. 48.091

**PARTNERSHIP SERVICE:** To _____
of partnership, in accordance with F.S. 48.061(1) _____ partner or to _____

☐ **POSTED RESIDENTIAL:** By attaching a true copy to a conspicuous place on the property described in the complaint or summons. Neither the tenant nor a person residing therein 15 years of age or older could be found at the defendant's usual place of abode in accordance with F.S. 48.183
1st attempt date/time: _____    2nd attempt date/time: _____

☐ **POSTED COMMERCIAL:** By attaching a true copy to a conspicuous place on the property in accordance with F.S. 48.183
1st attempt date/time: _____    2nd attempt date/time: _____

☐ **OTHER RETURNS:** See comments

COMMENTS: 6/18 1116A not open (6-21-04 1245 Not Open) 6-23-04 505
No ANS) 6-24-04 0915 No ANS) (6-25-04 1050 No ANS) (6-28-04 1040 Left
CARD, SEEMS Avoiding)

ou can now check the status of your writ
y visiting the Broward Sheriff's Office
ebsite at www.sheriff.org and clicking
a the icon "Service Inquiry"

                                    KEN JENNE, SHERIFF
                                    BROWARD COUNTY, FLORIDA

                           BY: _____ 11449 ___ D.S.

                              ORIGINAL

**BROWARD COUNTY SHERIFF'S OFFICE**
P.O. BOX 9507   FORT LAUDERDALE, FLORIDA 33310

**RETURN OF SERVICE**

11449                                    Service Sheet #                    04-030000

PANKO, CAROLINE vs. BUYTELCO, INC., ET AL
PLAINTIFF                                  vs.

TYPE OF WRIT                              CIRCUIT/ST. ROSA   DEFENDANT   04-461CA
SUM/COMPLAINT                                                            CASE

BUYTELCO INC. DBA MEDIACOM
STEVEN A. MCKEAN                          1815 HARRISON ST
SERVE                                     HOLLYWOOD, FL 33020           HEARING DATE

283312                                    Received this process on
KIEVIT, ODOM & BARLOW                     6/17/2004   Date
636 W GARDEN STREET
PENSACOLA , FL 32502

☒ Served
☐ Not Served, see comments
6-29-04   Date

4460   Attorney

BUYTELCO INC. DBA MEDIACOM/STEVEN A. MCKEAN

☒ **INDIVIDUAL SERVICE**

**SUBSTITUTE SERVICE:**
☐ At the defendant's usual place of abode on "any person residing therein who is 15 years of age or older" _____ in accordance with F.S. 48.031(1)(a)
☐ To _____ the defendant's spouse, at _____
☐ To _____ in accordance with F.S. 48.031(2)(a)
serve the defendant have been made at the place of business _____ the person in charge of the defendant's business in accordance with F.S. 48.031(2)(b), after two or more attempts to

**CORPORATE SERVICE:**
☐ To _____ holding the following position of said corporation _____
☐ To _____ as employee of defendant corporation in accordance with F.S. 48.081(3) _____ in the absence of any superior officer in
☐ To _____ as resident agent of said corporation in accordance with F.S. 48.091

☐ **PARTNERSHIP SERVICE:** To _____ partner, or to _____
of partnership, in accordance with F.S. 48.061(1)

☐ **POSTED RESIDENTIAL:** By attaching a true copy to a conspicuous place on the property described in the complaint or summons. Neither the tenant nor a person residing therein 15 years of age or older could be found at the defendant's usual place of abode in accordance with F.S. 48.183
1st attempt date/time: _____   2nd attempt date/time: _____

☐ **POSTED COMMERCIAL:** By attaching a true copy to a conspicuous place on the property in accordance with F.S. 48.183
1st attempt date/time: _____   2nd attempt date/time: _____

☐ **OTHER RETURNS:** See comments   2nd attempt date/time: _____

COMMENTS: 6/18 1116A not open (6-21-04 1245 NOT OPEN) 6-23-04 1505
NO ANS) 6-24-04 0905 NO ANS) (6-25-04 1050 NO ANS) 6-25-04 1040 LEFT
CARD, SEEMS AVOIDING)

You can now check the status of your writ
by visiting the Broward Sheriff's Office
Website at www.sheriff.org and clicking
on the icon "Service Inquiry"

KEN JENNE, SHERIFF
BROWARD COUNTY, FLORIDA

BY: _____ 11449   D.S.

ATTORNEY'S COPY

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR SANTA ROSA COUNTY FLORIDA

Case Number:   04000481CA

PLAINTIFF                        vs          DEFENDANT

PANKO CAROLINE                               BUYTECO INC DBA MEDIACOM STEVE
                                             N A MCKEAN 1915 HARRISON ST
                                             HOLLYWOOD FL 33020

SUMMONS

THE STATE OF FLORIDA:
GREETINGS:

     YOU ARE HEREBY COMMANDED to serve this summons and a copy of the com-
plaint or petition in the above-styled case upon the defendant:

               BUYTECO INC DBA MEDIACOM STEVE
               N A MCKEAN 1915 HARRISON ST
               HOLLYWOOD FL 33020

     Each defendant is hereby required to serve written defenses to said
complaint or petition on plaintiff's attorney whose address is:

               ODOM BRADLEY S
               635 WEST GARDEN ST
               PENSACOLA, FL 32502

within twenty days after service of this summons upon that defendant, exclu-
sive of the day of service, and to file the original of said written defenses
with the Clerk of Court either before service on Plaintiff's attorney or
immediately thereafter.  If a defendant fails to do so, a default will be
entered against that defendant for the relief demanded in the complaint or
petition.

WITNESS my hand and seal of said Court on Mon. Jun. 07, 2004.

                                   MARY M JOHNSON
                                   Clerk of Circuit Court

(Court Seal)

                               By: _____
                                   Deputy Clerk

RECEIVED SHERIFF
2004 JUN 17  AM 8: 45
BRADFORD COUNTY, FLORIDA

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR SANTA ROSA COUNTY FLORIDA

Case Number:   04000481CA

PLAINTIFF                          vs          DEFENDANT

PANKO CAROLINE                                 BUYTECO INC DBA MEDIACOM STEVE
                                               N A MCKEAN 1915 HARRISON ST
                                               HOLLYWOOD FL 33020

S U M M O N S

THE STATE OF FLORIDA:
GREETINGS:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the com-
plaint or petition in the above-styled case upon the defendant:

BUYTECO INC DBA MEDIACOM STEVE
N A MCKEAN 1915 HARRISON ST
HOLLYWOOD FL 33020

Each defendant is hereby required to serve written defenses to said
complaint or petition on plaintiff's attorney whose address is:

OXOM BRADLEY S
635 WEST GARDEN ST
PENSACOLA, FL 32502

Within twenty days after service of this summons upon that defendant, exclu-
sive of the day of service, and to file the original of said written defenses
with the Clerk of Court either before service on Plaintiff's attorney or
immediately thereafter. If a defendant fails to do so, a default will be
entered against that defendant for the relief demanded in the complaint or
petition.

WITNESS my hand and seal of said Court on Mon. Jun. 07, 2004.

MARY M JOHNSON
Clerk of Circuit Court

(Court Seal)

By: _____
        Deputy Clerk

# TAB "C"

Case No. 04-481CA (D)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendant's Notice of Filing Notice of Removal was sent by first-class U.S. mail on this ___27th___ day of October, 2004, to:

Bradley S. Odom, Esq.
Richard D. Barlow, Esq.
Kievit, Odom & Barlow
635 West Garden Street
Pensacola, Florida 32502

_____
Christopher P. Hammon

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT IN AND FOR
SANTA ROSA COUNTY, FLORIDA

CIVIL LAW DIVISION

CAROLINE PANKO,

CASE NO. 04-481CA (D)

        Plaintiff,

v.

MEDIACOM COMMUNICATIONS
CORPORATION,

        Defendant.

_____/

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

Defendant Mediacom Communications Corporation, gives notice that on October 27th,
2004, it filed its Notice of Removal in the United States District Court for the Northern District
of Florida. A copy of the Notice of Removal, without attachments, is attached.

Dated:  October 27, 2004.

Respectfully submitted,

_____
W. Russell Hamilton, III
FLORIDA BAR NO. 199540
  rhamilton@morganlewis.com
Christopher P. Hammon
FLORIDA BAR NO. 0176753
  chammon@morganlewis.com
Morgan, Lewis & Bockius LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2339
Tel:  305.415.3440    Fax:  877.432.9652

Counsel for Defendant Mediacom
Communications Corporation

1-MI/536880.2

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 415-3000